■ In the Matter of GOLDIE C. SOMMER, a Suspended Attorney. [56 NYS3d 354]—

Per Curiam. Respondent was admitted to practice by this Court in 1981 after being admitted in New Jersey in 1976, where she maintains an office for the practice of law. Following respondent's May 2013 conviction in the United States District Court of the District of New Jersey of the federal crime of conspiracy to structure transactions in order to evade a bank reporting requirement (*see* 18 USC § 371; *see also* 31 USC § 5324 [a] [3]; [d] [1]), the Supreme Court of New Jersey suspended respondent from the practice of law for one year, effective May 22, 2013 (*Matter of Sommer*, 217 NJ 359, 89 A3d 580 [2014]). Upon the motion of the Attorney Grievance Committee for the Third Judicial Department, this Court, by July 2015 order, thereafter suspended respondent from the practice of law for one year by reason of the discipline imposed upon her in New Jersey (130 AD3d 1359 [2015]). Respondent, who has since been reinstated in New Jersey, now moves for reinstatement in this state by motion marked returnable April 24, 2017 (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16). The Attorney Grievance Committee and the Lawyers' Fund for Client Protection have advised that they have no objection to respondent's motion.

Our examination of the materials submitted upon respondent's reinstatement application indicates that she has made all proper disclosures and has complied with the provisions of the order of suspension, as well as this Court's rules regarding the conduct of suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15). Further, we are satisfied that respondent has complied with the requirements of the applicable rules regarding reinstatement of attorneys who have been suspended for more than six months (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), that she possesses the character and general fitness to resume

the practice of law in this state, and that her reinstatement would be in the public interest. Accordingly, the application is granted and respondent is reinstated to the practice of law in this state, effective immediately.

Peters, P.J., Garry, Lynch, Rose and Clark, JJ., concur. Ordered that respondent's application for reinstatement is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.