█ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; ROCHELLE F. OSTROSKEY, Respondent. [54 NYS3d 331]—

Per Curiam. Respondent was admitted to practice by this Court in 2000 and lists a business address in Schenectady County with the Office of Court Administration (hereinafter OCA). This Court suspended respondent from the practice of law in New York in 2014 due to conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1046 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moves for her reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR]

§ 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner opposes the motion by correspondence from its Chief Attorney.

An attorney seeking reinstatement from suspension or disbarment must establish, as a threshold matter and by clear and convincing evidence, his or her compliance with both the order of suspension/disbarment and this Court's rules (*see Matter of Sommer*, 150 AD3d 1530, 1530 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Here, although respondent cured the registration delinquency giving rise to her current suspension, OCA records indicate that she has again fallen delinquent, having failed to timely register within 30 days of her 2016 birth date.* Inasmuch as she is therefore not compliant with Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 and is again subject to potential discipline (*see Matter of Bomba*, 146 AD3d 1226, 1226-1227 [2017]), respondent has not established her entitlement to reinstatement, and her motion must be denied.

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that the motion for reinstatement by respondent is denied.

---

* Notably, neither the fact that respondent is not currently in good standing nor her self-certification as retired obviates her obligation to remain current in her attorney registration requirements (*see* Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [c], [g]).