■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MARK ANDREW HARRIS, Respondent. [54 NYS3d 327]—

Per Curiam. Respondent was admitted to practice by this Court in 2003 and lists a business address in the United Kingdom with the Office of Court Administration (hereinafter OCA). This Court suspended respondent from the practice of law in New York in 2014 due to conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1035 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moves for his reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner opposes the motion by correspondence from its Chief Attorney.

OCA records indicate that, despite previously curing his attorney registration delinquency, respondent has now again fallen delinquent, having failed to timely register for the current biennial period. He therefore cannot establish his entitlement to reinstatement and his motion must be denied (*see Matter of Ostroskey*, 151 AD3d 1377 [2017] [decided herewith]).

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that the motion for reinstatement by respondent is denied.