■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; FLORIDA KABASINGA, Respondent. [55 NYS3d 681]—

Per Curiam. Respondent was admitted to practice by this Court in 2006 and lists a business address in Kigali, Rwanda with the Office of Court Administration. In 2014, this Court suspended respondent from the practice of law in New York due to conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief

---

Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1037 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent has moved for her reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16) and, by correspondence from its Chief Attorney, petitioner opposes the motion.

Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and this Court's rules, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (*see Matter of Edelstein*, 150 AD3d 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In addition, an applicant for reinstatement must support his or her application with certain required documentation (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Here, respondent failed to submit a sworn affidavit as is required under both the Rules for Attorney Disciplinary Matters and this Court's prior practice.* Further, Office of Court Administration records establish that, although respondent has cured the registration delinquency that led to her current suspension, she has since fallen delinquent again by failing to register for the biennial period commencing in 2016 and has thereby exposed herself anew to potential discipline (*see Matter of Creamer*, 150 AD3d 1611, 1611 [2017]; *Matter of Cluff*, 148 AD3d 1346, 1346 [2017]). Accordingly, it cannot be said that respondent has satisfied her burden on this motion, and the application must therefore be denied (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey]*, 151 AD3d 1377 [2017]).

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that respondent's motion for reinstatement is denied.

---

* Correspondence from petitioner which solicited respondent's correction of the deficiencies in her application has gone unanswered by respondent.