In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; ALEXANDRE GEORGES VERHEYDEN, Respondent. [55 NYS3d 689]—

Per Curiam. Respondent was admitted to practice by this Court in 1995 and lists a business address in Brussels, Belgium with the Office of Court Administration. This Court suspended respondent from the practice of law in New York in 2014 due to conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1055 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent has moved for his reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, by correspondence from its Chief Attorney, petitioner opposes the motion.

Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and this Court's rules, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (*see Matter of Edelstein*, 150 AD3d 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In addition, an applicant for reinstatement must support his or her application with certain required documentation (*see* Rules for

---

* Correspondence from petitioner notifying respondent of the deficiencies in his application have not been responded to by respondent.

Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Here, respondent failed to submit a sworn affidavit as is required under both the Rules for Attorney Disciplinary Matters and this Court's prior practice (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Enriquez]*, 152 AD3d 949 [2017] [decided herewith]).* Moreover, respondent is again subject to potential discipline since he has failed to timely register for the most recent biennial period within 30 days of his date of birth (*see Matter of Turgeon*, 148 AD3d 1458, 1459 [2017]; *Matter of Cluff*, 148 AD3d 1346, 1346 [2017]). Accordingly, respondent has not satisfied his burden on this motion, and the application must therefore be denied (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey]*, 151 AD3d 1377 [2017]).

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that respondent's motion for reinstatement is denied.

---

* Correspondence from petitioner which alerted respondent to the deficiencies in his application has not been responded to by respondent.