In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MARK ADAM GOLDSTEIN, Respondent. [56 NYS3d 897]—

Per Curiam. Respondent was admitted to practice by this Court in 1988 and lists a business address in Pittsburgh, Pennsylvania with the Office of Court Administration. By 2009 order, this Court suspended respondent from the practice of law in New York due to conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (65 AD3d 1447, 1458 [2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, by correspondence from its Chief Attorney, petitioner opposes respondent's application.

In addition to other requirements (see Matter of Edelstein, 150 AD3d 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), an applicant for reinstatement must, as a threshold matter, support his or her application with certain required documentation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Here, respondent failed to submit an affidavit sworn to before a notary public or other individual authorized to administer an oath, as has been consistently required by this Court and is now mandated by the Rules for Attorney Disciplinary Matters (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Enriquez], 152 AD3d 949 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Smith], 152 AD3d 960 [2017]; see e.g. Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240 Appendix C).* Respondent's application must therefore be denied.

Garry, J.P., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.

---

* Petitioner avers that respondent has not responded to its correspondence notifying him of the deficiencies in his application. To the extent that

Ordered that the motion for reinstatement by respondent is denied.

petitioner's correspondence makes additional inquiries concerning other matters raised by respondent's application, we note only that applicants for reinstatement, like all attorneys, have an affirmative obligation to cooperate with grievance committee inquiries (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240 Appendix C, ¶ 38; see also Matter of Croak, 148 AD3d 1451, 1452 [2017]).