Matter of Attorneys In Violation of Judiciary Law § 468-a. (Esser) (2018 NY Slip Op 01701)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Esser)


2018 NY Slip Op 01701


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; JESSICA ESSER, Respondent. (Attorney Registration No. 2659662)

Calendar Date: January 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and Pritzker JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Jessica Esser, West Lebanon, New Hampshire, respondent
pro se.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1995 and lists a business address in Wilder, Vermont. By January 2014 order, this Court suspended respondent from practice in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration
requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1031 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for her reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). By correspondence of its Chief Attorney, petitioner raises concerns with respondent's application but otherwise defers to the Court's discretion.
In addition to meeting the obligations of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (a) (see Matter of Edelstein, 150 AD3d 1531, 1531 [2017]), "an applicant for reinstatement must, as a threshold matter, support his or her application with certain required documentation" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Goldstein], 153 AD3d 1026, 1026 [2017]). Specifically, proof that the applicant obtained a passing score on the Multistate Professional Responsibility Examination is required for all attorneys who have been suspended for more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent states that she was scheduled to take the Multistate Professional Responsibility Examination in November 2017, she has failed to supplement her application with the required proof that she has in fact taken the examination and achieved a passing score (see Matter of Tendler, 145 AD3d 1314, 1314—1315 [2016]). Accordingly, respondent's application must be denied.
McCarthy, J.P., Devine, Mulvey, Rumsey and Pritzker JJ., concur.
ORDERED that the application for reinstatement is denied.