Matter of Attorneys In Violation of Judiciary Law § 468-a. (Higashi) (2018 NY Slip Op 01983)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Higashi)


2018 NY Slip Op 01983


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; KELLY ANN HIGASHI, Respondent. (Attorney Registration No. 2574838)

Calendar Date: March 12, 2018

Before: McCarthy, J.P., Egan Jr., Clark, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Kelly Ann Higashi, Washington, DC, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1993 and lists a business address in Washington, DC. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney
registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (65 AD3d 1447, 1460 [2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for her reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). By correspondence of its Chief Attorney, petitioner advises that it does not oppose respondent's application.
Any attorney seeking reinstatement from suspension must establish, by clear and [*2]convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Smith], 152 AD3d 960, 960 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468—a [Ostroskey], 151 AD3d 1377, 1378 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). A reinstatement applicant must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).
In light of the length of her suspension, respondent appropriately completed the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]) and such affidavit is properly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). In addition to providing the various documents referenced in appendix C, such as her tax returns and affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶¶ 21, 27), respondent provides proof that she successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys who have been suspended for more than six months (compare Matter of Attorneys in Violation of Judiciary Law § 468—a [Esser], ___ AD3d ___, 2018 NY Slip Op 01701 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Lastly, Office of Court Administration records demonstrate that respondent is current in her registration requirements and has cured the delinquency that resulted in her suspension.
As to her character and fitness, respondent attests to having no criminal record or other disciplinary history during the time of her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30). While suspended in this state, respondent served as an Assistant United States Attorney in the District of Columbia, a jurisdiction for which she provides proof of her good standing as of November 2017. Additionally, although respondent avers that she did not have any continuing legal education requirements in her jurisdiction, she provides proof of various seminars that she attended during the course of her employment with the Department of Justice (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 35). Considering the foregoing along with respondent's responses provided in her form affidavit, we conclude that she has established, by clear and convincing evidence, her character and fitness to practice law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
We further conclude that respondent's reinstatement will be in the public interest (see Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 [a]; compare Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Respondent's misconduct had no impact on a client, and she has expressed contrition for her registration lapse, which appears to be the result of a legitimate oversight. Further, respondent's lengthy service as an Assistant United States Attorney and her stated intentions for future practice demonstrate a clear commitment to serving the public. Accordingly, we conclude that respondent's application for reinstatement should be granted.
McCarthy, J.P., Egan Jr., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the motion for reinstatement by respondent is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.