Matter of Padilla (2018 NY Slip Op 08997)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Padilla

2018 NY Slip Op 08997

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018
[*1]
In the Matter of JOEL ANTONIO PADILLA, a Suspended Attorney.
(Attorney Registration No. 4434395)

Calendar Date: October 29, 2018



Before: Garry, P.J., Egan Jr., Lynch and Clark, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea, New York City (Sarah Diane McShea of counsel), for respondent

MEMORANDUM AND ORDER
Per Curiam.Respondent was admitted to practice by this Court in 2006.
Although respondent currently resides in Virginia, he lists a business address in New Jersey with the Office of Court Administration.
By July 2016 decision, this Court found that respondent had perpetrated a "serious crime" in New Jersey and suspended him from the practice of law for two years (141 AD3d 827, 828 [2016]; see Judiciary Law § 90 [4] [f], [g]). This order stemmed from respondent's August 2015 plea of guilty to the crime of manufacturing, distributing or dispensing marihuana (see NJ Stat Ann 2C:35—5). Respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) similarly advises that it does not oppose the application and defers to the Court's discretion.

Given the length of his suspension, respondent properly submits a sworn copy of the form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Respondent also provides proof that he successfully completed the Multistate Professional Responsibility Examination in August 2017, as is required for attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Moreover, having reviewed respondent's affidavit, exhibits and supporting documentation, we are satisfied that he has fully complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Sommer, 150 AD3d 1530, 1530-1531 [2017]; Matter of Ebrahimzadeh, 146 AD3d 1145, 1146 [2017]). Accordingly, we grant respondent's motion.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.