Matter of Attorneys In Violation of Judiciary Law § 468-a. (Eun Jung Kim) (2019 NY Slip Op 00173)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Eun Jung Kim)


2019 NY Slip Op 00173


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

[*1]
In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW
 § 468-A.

COMMITTEE ON PROFESSIONAL
 STANDARDS, Now Known as
 ATTORNEY GRIEVANCE COMMITTEE
 FOR THE THIRD JUDICIAL
DEPARTMENT,
 Petitioner;
EUN JUNG KIM, Respondent.

(Attorney Registration No. 4382172)

Calendar Date: November 19, 2018




Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Eun Jung Kim, Seoul, South Korea, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2006 and currently resides in South Korea, where she is General Manager of the Legal Affairs team for a petrochemical corporation. She was suspended from the practice of law in New York by January 2014 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1039 [2014]) for conduct prejudicial to the administration of justice arising from her noncompliance with her attorney registration obligations since 2008. She now moves for reinstatement, and petitioner advises that it takes no position on the application.
Given that her suspension has been in effect since 2014, respondent appropriately completed the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Jing Tan, 164 AD3d 1515, 1516-1518 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and such affidavit is duly sworn to (compare Matter of Hughes-Hardaway, 152 AD3d 951 [2017]). In addition, respondent has provided proof that she has, within one year of filing her application for reinstatement, successfully taken the Multistate Professional Responsibility Examination, as is required for all attorneys who have been suspended for more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Esser], 159 AD3d 1220, [2018]; Rules for Attorney [*2]Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in her suspension (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1), and she vows that such a delinquency will "never recur." Moreover, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that she has complied with the order of suspension and the rules of this Court, and that she has the requisite character and fitness for the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Serbinowski], 164 AD3d 1049 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377 [2017]). Furthermore, mindful of the isolated nature of respondent's misconduct and the pro bono obligations required of all members of the bar (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [e] [14]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 6.1), we conclude that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Sullivan, 153 AD3d 1484 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.