Matter of Njogu (2019 NY Slip Op 06121)





Matter of Njogu


2019 NY Slip Op 06121


Decided on August 8, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: August 8, 2019

[*1]
In the Matter of REGINA WANJIRU NJOGU, a Suspended Attorney. 

(Attorney Registration No. 4497590)

Calendar Date: July 1, 2019




Before: Garry, P.J., Egan Jr., Mulvey, Rumsey and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Regina Wanjiru Njogu, Silver Spring, Maryland, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2007 and was later admitted in her home state of Maryland in 2009. In October 2015, respondent was indefinitely suspended in Maryland, upon her consent, stemming from allegations that she had engaged in an improper business transaction with a client whom she had represented in connection with an asylum application, and had committed other fraudulent and criminal conduct stemming from that business transaction. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) thereafter moved to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to her Maryland misconduct, and we granted the motion in part, suspending respondent for an indefinite term by March 7, 2019 order (170 AD3d 1320 [2019]). Following our order, respondent was conditionally reinstated in Maryland and, accordingly, she now seeks her reinstatement in this state. AGC asks that this Court impose certain conditions on respondent's reinstatement, but otherwise does not oppose her reinstatement and defers to our discretion.[FN1]
In light of the length of her suspension, respondent has properly submitted a duly-sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240. Based on her submission, along with her previously submitted affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), we find that respondent has established by clear and convincing evidence that she has complied with the order of suspension and turn to the remaining inquiries concerning her character and fitness and the public's interest in her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a. [Zerdan], 173 AD3d 1602, 1603 [2019]; Matter of Ostroskey, 151 AD3d 1377, 1378 [2017]).
Based on our review of her application and supporting materials, we find that respondent has met her burden of demonstrating her good character and fitness for reinstatement. To this point, it is evident that respondent has taken meaningful steps to overcome the substance abuse and mental health issues that contributed to her misconduct, including her voluntary participation in a residential program (see Matter of Canale, 162 AD3d 1455, 1457 [2018]). Tellingly, respondent's reinstatement application in her home jurisdiction was supported by Maryland Bar Counsel, which found that respondent was remorseful for her misconduct and had demonstrated a commitment to ensuring that her future conduct will conform to the ethical rules of that jurisdiction. Further, we note that respondent appears to be in full compliance with the conditions of her reinstatement in Maryland, which include continuing treatment for her mental health and substance abuse issues with monitoring for at least two years. Based on her actions and her compliance with the conditions of her reinstatement in Maryland, we also find that no detriment would inure to the public as a result of her reinstatement (see Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Finally, we find that respondent's return to the practice of law in Maryland, where she previously practiced immigration law, will provide a tangible benefit to the public (compare Matter of Edelstein, 150 AD3d 1531, 1532 [2017]).
In conclusion, we find that respondent has demonstrated by clear and convincing evidence that she should be reinstated to the practice of law in this state. However, we believe that respondent's continued compliance with her monitoring program in Maryland is integral to ensuring her success upon reinstatement in this state. Accordingly, as a condition of her reinstatement, we require that respondent provide this Court and AGC with quarterly status updates, commencing as of the date of this decision, confirming her compliance with the terms of her Maryland monitoring program, and she shall further advise if and when those conditions are terminated.
Garry, P.J., Egan Jr., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's application for reinstatement is granted; and is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York upon the conditions set forth in this decision, effective immediately.



Footnotes

Footnote 1: Respondent has further submitted a supplemental affidavit, which we choose to consider in the exercise of our discretion.