Matter of Griffin (2019 NY Slip Op 06686)





Matter of Griffin


2019 NY Slip Op 06686


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

PM-138-19

[*1]In the Matter of Thomas William Griffin, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Thomas William Griffin, Respondent. (Attorney Registration No. 2394997)

Calendar Date: August 16, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Thomas William Griffin, Landing, New Jersey, respondent pro se.



Per Curiam.
s admitted the previous year in New Jersey, where he resides. By August 1999 order of this Court, he was suspended from the practice of law in New York on an interim basis as the result of this Court's determination that he had failed to cooperate with petitioner's investigation of his misconduct (264 AD2d 534 [1999]). Thereafter, by December 2000 order, this Court suspended respondent from the practice of law for a one-year term, nunc pro tunc to the effective date of his interim suspension, upon determining that respondent had, among other misconduct, neglected client matters and failed to abide by his attorney registration obligations in this state (278 AD2d 581 [2000]). As the result of his suspension in this state, respondent was also suspended from the practice of law in New Jersey for a year in December 2001 (Matter of Griffin, 170 NJ 188 [2001]), but was subsequently reinstated in New Jersey in May 2002 (Matter of Griffin, 172 NJ 96 [2002]).
Respondent's previous application seeking reinstatement in New York was
denied by this Court in 2001 (288 AD3d 747 [2001]). Respondent now again moves for reinstatement in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner has opposed the motion. Pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5), we referred respondent's application for reinstatement to a subcommittee of a Committee on Character and Fitness for a recorded interview of respondent and report to the Court. The subcommittee conducted respondent's interview in April 2019 and subsequently issued its report unanimously recommending that his application be granted.
A
s an initial matter, we find that respondent has met his threshold burden through his submission of the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Notably, since his 2000 suspension, no new allegations of misconduct against respondent have been brought to the Court's attention despite respondent's consistent practice as an attorney in New Jersey during this time. Further, we agree with the subcommittee that respondent's past misconduct was largely attributable to inexperience. Accordingly, having reviewed respondent's application materials, his testimony before the subcommittee and the subcommittee's report and recommendation, we conclude that respondent has established, by clear and convincing evidence, that he has complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Brollesy, 169 AD3d 1347, 1348 [2019]; Matter of Sommer, 150 AD3d 1530, 1530—1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ., concur. ORDERED 
that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.