Matter of Attorneys in Violation of Judiciary Law § 468-a (Waldron) (2021 NY Slip Op 04585)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Waldron)

2021 NY Slip Op 04585

Decided on July 29, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 29, 2021

PM-98-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Christopher Gayle Waldron, Respondent. (Attorney Registration No. 2995660.)

Calendar Date:June 28, 2021
Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Christopher Gayle Waldron, Bowie, Maryland, respondentpro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1999 and is also admitted to practice in New Jersey and in the District of Columbia, where he currently lists a business address with the Office of Court Administration. Respondent was suspended from the practice of law by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2009 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1056 [2014]). Respondent now moves for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner opposes his application by correspondence from its Chief Attorney, noting various deficiencies in his application.
A threshold requirement for any attorney seeking reinstatement from a suspension is that he or she has complied with this Court's rules during the period of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377, 1378 [2017]). In August 2020, respondent cured his longstanding registration delinquency which, at that time, had spanned six biennial registration periods. As petitioner points out, however, prior to moving for reinstatement, respondent failed to register for the current biennial period within 30 days of his birthday in 2021 and, accordingly, he was again delinquent with his registration obligations and ineligible for reinstatement (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Kabasinga], 152 AD3d 952, 953 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Harris], 151 AD3d 1373, 1374 [2017]). However, Office of Court Administration records demonstrate that respondent recently cured his delinquency, albeit five months late, and is current with his registration obligations at this time. As respondent has also met the remaining threshold requirements for consideration of his reinstatement motion, including properly submitting a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 and providing proof that he successfully passed the Multistate Professional Responsibility Examination within one year of the date of his application, we proceed to the merits of his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a], [b]).
To this end, any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger[*2]], 180 AD3d 1317, 1317-1318 [2020]; Matter of Griffin, 175 AD3d 1720, 1721 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We find that respondent has established his compliance with the order of suspension and the Rules of this Court, as he affirmatively represents in his appendix C form affidavit that he has not practiced in New York during the period of his suspension. As to his character and fitness, respondent provides proof that he is currently in good standing in both New Jersey and the District of Columbia.[FN1] Further, respondent attests that he is not the subject of any governmental investigation, that he does not suffer from, and has not been treated for, any condition or impairment that in any way impairs or limits his ability to practice law and, finally, that there are no financial concerns that might impact his reinstatement. Accordingly, we find that he has sufficiently established his character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Vatti], 195 AD3d 1231, ___, 145 NYS3d 433, 434 [2021]). Finally, we find that respondent's reinstatement would be in the public interest, as the nature of his misconduct and otherwise clean disciplinary history establishes that no detriment would inure to the public from his reinstatement, and his continued work as a solo practitioner provides a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Breslow], 193 AD3d 1175, 1176 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Luce], 190 AD3d 1083, 1084 [2021]). We therefore grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Respondent notes that he was administratively suspended from the practice of law in New Jersey by October 2019 order of the Supreme Court of New Jersey for failing to comply with his continuing legal education reporting requirements; however, he has since been reinstated to the practice of law in New Jersey and we note that the conduct giving rise to his suspension does not constitute professional misconduct in that jurisdiction (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thurston], 186 AD3d 963, 964 n [2020]).