Matter of Attorneys in Violation of Judiciary Law § 468-a (Devlin) (2021 NY Slip Op 05007)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Devlin)

2021 NY Slip Op 05007

Decided on September 16, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 16, 2021

PM-121-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Timothy Devlin, Respondent. (Attorney Registration No. 2806073.)

Calendar Date:August 23, 2021
Before:Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Timothy Devlin, Wilmington, Delaware, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1997 and is also admitted to practice in Washington, DC and in Delaware. By January 2014 order of this Court, respondent was suspended indefinitely from the practice of law for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2009-2010 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [2014]). Respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, in succession, for an order granting him leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). Petitioner has submitted correspondence opposing respondent's successive motions.
"An attorney seeking reinstatement from suspension or disbarment must establish, as a threshold matter and by clear and convincing evidence, his or her compliance with both the order of suspension/disbarment and this Court's rules" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377, 1378 [2017] [citations omitted]). To this end, "every attorney admitted to practice in New York, including those attorneys who have been suspended from practice, must continue to comply with the registration requirements" of this state (Matter of Castillo, 157 AD3d 1158, 1159 n 3 [2018]; see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1). Respondent initially cured his longstanding registration delinquency in October 2018 and moved for his reinstatement in May 2021. However, respondent had again fallen delinquent for the 2019-2020 biennial period and, accordingly, his motion was dismissed. Respondent thereafter cured his delinquency and brought the instant application seeking his reinstatement. However, respondent has now failed to register for the current biennial period within 30 days of his 2021 birthday and, despite petitioner noting his delinquency in its opposition papers, he has taken no action to cure his current delinquent status (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [c]). As he has again fallen delinquent with his registration obligations and is therefore subject to potential discipline, we find that respondent is not entitled to reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kabasinga], 152 AD3d 952, 953 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Harris], 151 AD3d 1373, 1374 [2017]). We therefore deny his motion for reinstatement and contemporaneous request to resign for nondisciplinary reasons.
Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.
ORDERED that respondent's motion is denied.