Matter of Attorneys in Violation of Judiciary Law § 468-a (Stephans) (2022 NY Slip Op 02611)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Stephans)

2022 NY Slip Op 02611

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

PM-90-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Debra Kradjian Stephans, Respondent. (Attorney Registration No. 3997285.)

Calendar Date:February 22, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and Fisher, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Debra Kradjian Stephans, Montvale, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and currently works for a law firm in New Jersey, where she was admitted in 2000. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration requirements beginning with the 2011-2012 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1754 [2019]). Having cured her registration delinquency in February 2021, she now applies for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has submitted correspondence in response opposing respondent's application. Respondent has submitted correspondence in response to AGC's opposition.
We initially find that respondent has satisfied the threshold requirements for submitting a reinstatement application. As an attorney seeking reinstatement from a suspension longer than six months, respondent has properly submitted a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the necessary exhibits (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, respondent has provided proof that she successfully passed the Multistate Professional Responsibility Examination within one year of filing her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Accordingly, we proceed to the merits of her application.
Our review of her application leads us to find that she has also met the substantive requirements for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Although respondent failed to file a timely affidavit of compliance following her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), she has properly attested in her appendix C affidavit that she has not practiced law in New York during her suspension, and her supporting documents reinforce that statement. Accordingly, we find that respondent has clearly and convincingly established that she has complied with this Court's order of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Breslow], 193 AD3d 1175, 1176 [2021]).
We further find that respondent has established that she has the requisite character and fitness for reinstatement. Respondent takes responsibility for her actions and has cured her delinquency. Further, respondent attests that she does not currently suffer from any limitations on her ability to practice law, has no criminal history during the period of suspension and has not been the subject [*2]of any governmental investigation since her admission in this state. Finally, respondent provides proof that she is in good standing in her home jurisdiction.
Lastly, we conclude that respondent's reinstatement would be in the public interest. Specifically, we find that her reinstatement presents no potential detriment to the public based upon her otherwise unblemished disciplinary history as well as her adherence to the continuing legal education requirements of her home jurisdiction during the period of her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Waldron], 196 AD3d 1026, 1028 [2021]). Moreover, we find that respondent's continued work in private practice provides a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Luce], 190 AD3d 1083, 1084 [2021]).
While we have determined to grant respondent's motion for reinstatement, we note that respondent concedes in her papers that she mistakenly registered as retired for two biennial periods when she retroactively cured her registration delinquency in 2021 (see Matter of Attorneys in Violation of Judiciary Law § 468-a [DaCunzo], 199 AD3d 1118, 1120-1121 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1567-1568 [2019]). To this end, respondent notes that while she was not practicing law in the State of New York during the relevant periods, she engaged in the practice of law in her home jurisdiction while she was employed in a temporary capacity with a private entity (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). Respondent explains that her submission of registration statements indicating retired status for those periods was an oversight and asks that this Court allow her the opportunity to cure her mistake. Accordingly, we direct her to do so by filing amended registration statements for the 2015-2016 and 2017-2018 biennial periods and further direct that she provide proof that she has done so to AGC and this Court within 30 days of the date of this order.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effectively immediately.