Matter of Attorneys in Violation of Judiciary Law § 468-a (Zochowski) (2022 NY Slip Op 04696)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Zochowski)

2022 NY Slip Op 04696

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

PM-134-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Kirsten A. Zochowski, Respondent. (Attorney Registration No. 4077327.)

Calendar Date:May 9, 2022

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Kirsten A. Zochowski, Falls Church, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to the practice of law by this Court in 2002 and presently seeks reinstatement from the suspension imposed by this Court in October 2021 as a consequence of her failure to comply with Judiciary Law § 468-a for the 2016-2017, 2018-2019 and 2020-2021 biennial cycles (Matter of Attorneys in Violation of Judiciary Law § 468-a, 198 AD3d 1068, 1088 [2021]). Although respondent has resolved her preexisting registration delinquency, she has again become delinquent in her registration obligations while this matter has been pending (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [c]), and she remains delinquent in such obligation for the 2022-2023 biennial period to date.
"'An attorney seeking reinstatement from suspension or disbarment must establish, as a threshold matter and by clear and convincing evidence, his or her compliance with both the order of suspension/disbarment and this Court's rules'" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d 1431, 1431 [2021], quoting Matter of Attorneys in Violation of Judiciary Law § 468—a [Ostroskey], 151 AD3d 1377, 1378 [2017] [citations omitted]). "To this end, 'every attorney admitted to practice in New York, including those attorneys who have been suspended from practice, must continue to comply with the registration requirements' of this state" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d at 1431, quoting Matter of Castillo, 157 AD3d 1158, 1159 n 3 [2018]; see Judiciary Law § 468—a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1). Inasmuch as respondent's new and extant registration delinquency again renders her subject to professional discipline, she cannot establish her entitlement to reinstatement at this time and her application must be denied (see Matter of Watson, ___ AD3d ___, ___, 167 NYS3d 412, 412 [2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d at 1432).
Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion is denied.