Matter of Attorneys in Violation of Judiciary Law § 468-a (Raglan) (2023 NY Slip Op 02926)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Raglan)

2023 NY Slip Op 02926

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

PM-110-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Hubert Christopher Raglan, Respondent. (Attorney Registration No. 4524534.)

Calendar Date:March 20, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Hubert Christopher Raglan, Ann Arbor, Michigan, respondent pro se.

Per Curiam.
Respondent was admitted to the practice of law by this Court in 2007. By September 2022 order of this Court, respondent was suspended for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a for the 2019-2020 and 2021-2022 biennial periods (Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d 1421, 1440 [3d Dept 2022]). Respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner opposes respondent's motion, noting his ineligibility for reinstatement due to his failure to comply with his registration requirements for the 2023-2024 biennial period.
" 'An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, 1308 [3d Dept 2022] [citations omitted], quoting Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]). The Judiciary Law and accompanying rules of statewide applicability require that " 'every attorney admitted to practice in New York, including those attorneys who have been suspended from practice, . . . continue to comply with the registration requirements' of this state" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d 1431, 1431 [3d Dept 2021], quoting Matter of Castillo, 157 AD3d 1158, 1159 n 3 [3d Dept 2018]; see Judiciary Law § 468-a [1]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c]). A suspended attorney who is delinquent in his or her registration obligations is subject to additional potential discipline and is therefore not entitled to reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d at 1432).
While respondent cured his initial registration delinquency, he is now delinquent with the registration requirements for the 2023-2024 biennial period. Accordingly, as he is currently delinquent with his registration obligation and, thus, subject to potential discipline, we deny his motion for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Zochowski], 207 AD3d 987, 988 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d at 1432).
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion is denied.