*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:   December 15, 2016                D-70-16
_____

In the Matter of ANYA A.
     TENDLER, a Disbarred Attorney.          MEMORANDUM AND ORDER
                                                  ON MOTION
(Attorney Registration No. 4717286)


_____

Calendar Date:   November 2, 2016

Before:   Garry, J.P., Lynch, Devine, Clark and Aarons, JJ.

                     _____


     Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Alison M. Coan of counsel), for
Attorney Grievance Committee for the Third Judicial Department.

     Anya A. Tendler, Canton, respondent pro se.

                     _____


Per Curiam.

     Respondent was admitted by the First Department in 2009 and
formerly maintained an office for the practice of law in the Town
of Canton, St. Lawrence County.  In October 2014, respondent
pleaded guilty before St. Lawrence County Court to the class E
felony of aggravated driving while intoxicated and was placed on
interim probation for one year.  Upon motion by the Attorney
Grievance Committee for the Third Judicial Department
(hereinafter AGC), this Court thereafter struck her name from the
roll of attorneys due to her plea of guilty to a felony (131 AD3d
1301 [2015]).  In January 2016, upon respondent's successful
completion of a term of interim probation, and in accordance with
her plea agreement, County Court vacated respondent's felony
guilty plea and permitted her to enter a guilty plea to a
misdemeanor count of driving while intoxicated.  By motion dated
July 15, 2016, respondent now applies for reinstatement.  By
affidavit in opposition dated November 2, 2016, AGC opposes

respondent's reinstatement application.

Respondent's application for reinstatement to the practice of law is deficient and must be denied. A respondent seeking reinstatement following disbarment must establish, by clear and convincing proof, that he or she has complied with the order of disbarment and the rules of the Court, that he or she possesses the requisite character and fitness to practice law and that his or her reinstatement would be in the public interest (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see generally Rules of App Div, 3d Dept [22 NYCRR] former § 806.12 [b] [i]). Such an application shall include "a copy of the order of disbarment . . . and any related decision; an affidavit in the form in Appendix C to these Rules; and proof that the respondent has, no more than one year prior to the date the application is filed, successfully completed the Multistate Professional Responsibility Examination" (Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).[1]

Respondent failed to offer proof establishing that she has taken and passed the Multistate Professional Responsibility Examination. Respondent also failed to submit an affidavit in the form in Appendix C to the Uniform Rules for Attorney Disciplinary Matters (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). The affirmation that respondent did submit in support of her application failed to provide the relevant information that must otherwise be submitted via completion of the subject form affidavit. Namely, respondent's affirmation fails to provide, among other things, whether, since entry of the order of discipline, any additional matters were pending against her before any attorney grievance

---

[1] We note that respondent also failed to timely file an affidavit of compliance within 30 days of entry of this Court's September 2015 order (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.9 [f]; see also Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). Any subsequent application by respondent seeking her reinstatement to the practice of law, therefore, should demonstrate good cause for why she failed to timely file such an affidavit.

committee in this state; whether she has been the subject of professional discipline in any other court or jurisdiction; whether, since entry of the order of discipline, she has engaged in the practice of law in any other court or jurisdiction; or whether, since the entry of the order of discipline, she has been arrested, charged with, indicted, convicted, tried and/or entered a plea of guilty to any felonies, misdemeanors, violations and/or traffic infractions. Upon review of the submissions, therefore, we conclude that respondent has not established, by clear and convincing evidence, that she is presently entitled to reinstatement to the practice of law (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we deny her application for reinstatement.

Garry, J.P., Lynch, Devine, Clark and Aarons, JJ., concur.

ORDERED that the application for reinstatement is denied.

ENTER:

Robert D. Mayberger
Clerk of the Court