■  In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; CYNTHIA LORAINE HUGHES-HARDAWAY, Respondent. [55 NYS3d 680]—

Per Curiam. Respondent was admitted to practice by this Court in 1996 and lists a business address in Newark, New Jersey with the Office of Court Administration. By 2014 order, this Court suspended respondent from the practice of law in New York due to conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1036 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).

Respondent now moves for her reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, by correspondence from its Chief Attorney, petitioner opposes the motion.

Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and this Court's rules, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (*see Matter of Sommer*, 150 AD3d 1530 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In addition, an applicant for reinstatement must support his or her application with certain required documentation (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Here, respondent failed to submit a sworn affidavit as is required under the Rules for Attorney Disciplinary Matters.* Moreover, since respondent has again failed to timely register—this time for the biennial period commencing in 2016— she is again subject to potential discipline (*see Matter of Turgeon*, 148 AD3d 1458, 1459 [2017]; *Matter of Cluff*, 148 AD3d 1346, 1346 [2017]). Accordingly, respondent has not satisfied her burden on this motion, and the application must therefore be denied (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey]*, 151 AD3d 1377 [2017]).

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that respondent's motion for reinstatement is denied.

---

* Correspondence from petitioner which solicited respondent's correction of the deficiencies in her application went unanswered by respondent.