Matter of Conlon (2018 NY Slip Op 05263)





Matter of Conlon


2018 NY Slip Op 05263


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018


[*1]In the Matter of BENJAMIN CONLON, a Disbarred Attorney. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; BENJAMIN CONLON, Respondent. (Attorney Registration No. 1807908)

Calendar Date: June 25, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Benjamin Conlon, Kent, United Kingdom, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1982. He previously maintained a law practice in the Town of Elizabethtown, Essex County.
Respondent was disbarred by this Court in 1999 (260 AD2d 794 [1999], lv dismissed and denied 93 NY2d 1031 [1999]). By application marked returnable June 25, 2018, respondent now moves for his reinstatement. Petitioner opposes respondent's application based upon the insufficiency thereof.[FN1]
Significantly, a disbarred attorney seeking reinstatement in New York must apply by form affidavit prescribed in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 and must submit certain other documentation in support of that application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; appendix C). Here, upon our review of respondent's application and the materials submitted in opposition thereto, we find that respondent has, among other things, failed to appropriately complete the requisite form affidavit (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]) and, further, failed to establish that he filed the required affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C ¶ 21). The application is deficient in other respects, including that it does not contain an affidavit that is properly sworn (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes—
Hardaway], 152 AD3d 951, 952 [2017]); nor has respondent provided proof that he has, within one year of filing his application for reinstatement, successfully taken the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). Inasmuch as respondent has not shown by clear and convincing evidence that his application for reinstatement should be granted (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we deny the motion (see Matter of Krouner, 150 AD3d 1466, 1467 [2017]; Matter of Tendler, 145 AD3d 1314, 1314-1315 [2016]).
McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that respondent's motion is denied.



Footnotes

Footnote 1: The Lawyer's Fund for Client Protection advises that it has no reason to object to respondent's reinstatement.