Matter of Attorneys In Violation of Judiciary Law § 468-a. (Freedman) (2018 NY Slip Op 07401)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Freedman)


2018 NY Slip Op 07401


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; FORREST SCOTT FREEDMAN, Respondent. (Attorney Registration No. 2173839)

Calendar Date: October 9, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Mulvey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Forrest Scott Freedman, Fort Lauderdale, Florida, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1988 and lists a business address in Fort Lauderdale, Florida with the Office of Court Administration. He now seeks his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), following this Court's January 2014 order suspending him from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1032 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). In its October 2018 correspondence in response, petitioner advises that it defers to the Court's discretion on respondent's application.
Here, in light of the length of his suspension, respondent properly submits the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1261 [2018]), and such affidavit is duly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in his [*2]suspension and he is current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent also provides proof that he successfully completed the Multistate Professional Responsibility Examination in March 2018, as is required for attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Further, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that he has complied with the order of suspension and the Rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1262 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Garry, P.J., Egan Jr., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.