Matter of Attorneys In Violation of Judiciary Law § 468-a. (Wortsman) (2019 NY Slip Op 00174)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Wortsman)


2019 NY Slip Op 00174


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; ALEXANDRA CLAIRE WORTSMAN, Also Known as ALEXANDRA DAMSKER, Respondent. (Attorney Registration No. 3015583)

Calendar Date: November 5, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Devine, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Alexandra Damsker, Los Angeles, California, respondent
pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice in New York by this Court in 1999. She presently lists a business address with the Office of Court Administration in Los Angeles, California, where she resides, but she is not admitted to practice in that jurisdiction. By October 2007 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 44 AD3d 1246, 1248 [2007]), respondent was suspended indefinitely for conduct prejudicial to the administration of justice arising from her failure since 2003 to comply with the attorney registration requirements of Judiciary Law § 468-a. She now moves for her reinstatement and, in response, petitioner advises that it defers to this Court's discretion on the application.
In light of the length of her suspension, respondent properly submits the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1261 [2018]), and such affidavit is duly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in her suspension and she is [*2]current with her biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Further, respondent provides proof that she successfully completed the Multistate Professional Responsibility Examination in November 2018, as is required for attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Finally, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that she has complied with the order of suspension and the Rules of this Court, that she has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1262 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Garry, P.J., Egan Jr., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.