Matter of Attorneys In Violation of Judiciary Law § 468-a. (D'Alessandro) (2019 NY Slip Op 01485)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (D'Alessandro)


2019 NY Slip Op 01485


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; BETH ANNE D'ALESSANDRO, Respondent. (Attorney Registration No. 2360139)

Calendar Date: February 4, 2019

Before: Garry, P.J., Egan Jr., Mulvey, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Beth Anne D'Alessandro, Jersey City, New Jersey, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1990 and was previously admitted in her home jurisdiction of New Jersey in 1977. She presently lists a business address in Jersey City, New Jersey. By January 2014 order of this Court, respondent was suspended indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2006-2007 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [2014]). She now moves for her reinstatement, and petitioner advises that it defers to this Court's discretion on the application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this
Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Furthermore, a reinstatement applicant must also provide, as a threshold matter, certain required documentation in support of [*2]his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).
In light of the length of her suspension, respondent properly submits the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and such affidavit is duly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). However, in connection with her application, respondent seeks a waiver of the requirement that she successfully complete the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to applying for reinstatement and provide proof of same (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent's proffered justification for the waiver is her intent to, "upon reinstatement, immediately apply for voluntary resignation for nondisciplinary reasons from the New York State Bar."
In the context of a reinstatement application, "[t]he MPRE requirement serves two important purposes: it reemphasizes the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Accordingly, an applicant must demonstrate "good cause" for the waiver, which may be accomplished by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). Although respondent may indeed have a good-faith intent to immediately seek nondisciplinary resignation following reinstatement, she does not seek that relief as part of this motion and, accordingly, this Court has no mechanism to ensure that she follows through with her proposal. Therefore, we must treat her request for a waiver under the assumption that she will continue practicing law following her reinstatement. Accordingly, we find that her stated intent to seek nondisciplinary resignation were she to be reinstated does not establish good cause for a waiver of the MPRE requirement. Further, we find that the amount of professional responsibility coursework that respondent has participated in during the term of her suspension is insufficient to establish that coursework's equivalence to the retraining gained through preparation and successful passage of the MPRE (see id. at 1224; Matter of Cooper, 128 AD3d at 1267). Accordingly, as respondent has not met the requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b), her application must be denied on that basis (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Esser], 159 AD3d 1220, 1221 [2018]).
Garry, P.J., Egan Jr., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the application for reinstatement is denied.