Matter of Attorneys In Violation of Judiciary Law § 468-a. (Rogers) (2019 NY Slip Op 04812)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Rogers)


2019 NY Slip Op 04812


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner;
and
NATHANIEL BRISHEN ROGERS, Respondent. (Attorney Registration No. 4466108)

Calendar Date: April 8, 2019

Before: Garry, P.J., Clark, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Richard M. Maltz, PLLC, New York City (Richard M. Maltz of counsel), for respondent.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2007. He presently lists a business address in Philadelphia, Pennsylvania, where he currently serves as a professor at Temple University Beasley School of Law. Respondent was suspended from the practice of law by a 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements beginning with the 2009-2010 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1049 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He now applies for his reinstatement, and petitioner advises that it defers to this Court's discretion on the application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
In light of the length of his suspension, respondent appropriately completed the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Maurits], 169 AD3d 1153, 1153 [2019]), and such affidavit is duly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Office of Court Administration records demonstrate that respondent is now current in his registration [*2]requirements and has cured his delinquency. Further, respondent provides proof that he successfully completed the Multistate Professional Responsibility Examination in November 2018, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b) (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349, 1350 [2019]). Finally, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that he has complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Clark, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.