Matter of Attorneys in Violation of Judiciary Law § 468-a (Yoshihiro Yamashita) (2019 NY Slip Op 07475)

Matter of Attorneys in Violation of Judiciary Law 468-a (Yoshihiro Yamashita)

2019 NY Slip Op 07475

Decided on October 17, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2019

PM-160-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Yoshihiro Yamashita, Respondent. (Attorney Registration No. 4292421.)

Calendar Date: September 30, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Yoshihiro Yamashita, Shizuoka-shi, Japan, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2005 and currently lists a business address in Japan. He was suspended from the practice of law by 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements beginning with the 2007-2008 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1057 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He now seeks his reinstatement, and petitioner advises that it defers to this Court's discretion on the application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).[FN1]
In light of the length of his suspension, respondent has appropriately submitted a duly-sworn form affidavit in the form provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1261 [2018]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Office of Court Administration records demonstrate that respondent is now current in his registration requirements and has cured his longstanding delinquency. Further, respondent provides proof that he successfully completed the Multistate Professional Responsibility Examination in March 2019, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b) (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Koschwitz], ___ AD3d ___, ___, 107 NYS3d 728, 729; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]).
Finally, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that he has complied with the order of suspension and the Rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowksi], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion and reinstate him to the practice of law.
Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Similarly, the Lawyers' Fund for Client Protection advises that there are no open claims pertaining to respondent and that it therefore defers to the Court's discretion as to respondent's reinstatement.