Matter of Attorneys in Violation of Judiciary Law § 468-a (Hui-Ju Wang) (2020 NY Slip Op 03058)

Matter of Attorneys in Violation of Judiciary Law 468-a (Hui-Ju Wang)

2020 NY Slip Op 03058

Decided on May 28, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 28, 2020

PM-78-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Hui-Ju Wang, Respondent. (Attorney Registration No. 4334728.)

Calendar Date: May 18, 2020

Before: Lynch, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Mound Cotton Wollan & Greengrass LLP, New York (Kate E. DeGeronimo of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2005 and currently lists a Colorado business address with the Office of Court Administration. She is not admitted to practice in any other jurisdiction. Respondent was suspended from the practice of law by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2007 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1056 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now applies for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), and petitioner advises that it opposes her application, raising concerns about the name that she utilizes while practicing law and other inconsistent responses in her affidavit. Respondent has submitted a reply affidavit in an attempt to address the concerns of petitioner.
"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]). In light of the length of her suspension, respondent has appropriately submitted a duly-sworn affidavit in the form provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the appropriate attachments (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Mahoney], 179 AD3d 1352, 1353 [2020]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Office of Court Administration records demonstrate that respondent has cured her delinquency and is now current in her registration requirements. Respondent also provides proof that she successfully completed the Multistate Professional Responsibility Examination in August 2019, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b) (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]).
As to her compliance with the order of suspension, petitioner notes that respondent failed to file an affidavit of compliance pursuant to the requirements of Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.9 (f). However, in her current appendix C affidavit, respondent avers that she has complied with the order of suspension in all respects, has not practiced law in this state since the entry of that order and has not received any compensation, quantum meruit or otherwise, for providing legal services in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 15-20). Further, although respondent initially provided conflicting information concerning her employment in Taiwan in an in-house counsel position, she has since submitted documents that provide sufficient assurances that she was not actively portraying herself as licensed to practice law in this state during the term of her suspension, nor was she utilizing her New York law license as part of her foreign employment (compare Matter of Barry, 176 AD3d 1474, 1475 [2019]). Accordingly, we find that respondent has clearly and convincingly demonstrated that she has complied with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377, 1378 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
Regarding her character and fitness for reinstatement, petitioner has raised a concern surrounding respondent's admitted use of a name which differs from the name listed for respondent on the roll of attorneys and under which she is currently registered. Notably, an attorney's use of a name as part of his or her practice of law that differs from his or her official name may constitute misconduct in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Yang], 175 AD3d 823, 824 [2019]). However, we find that respondent's attestations establish that she has not used a name other than her official name in any manner associated with the practice of law, and that her colloquial use of a nickname is not an impediment to her reinstatement (compare id. at 824). Therefore, having considered respondent's application in its entirety, we are satisfied that she has demonstrated the requisite character and fitness for the practice of law (see generally Matter of Couloute, 175 AD3d 1717, 1718—1719 [2019]). Finally, we also find that respondent's materials collectively demonstrate that it is in the public interest to reinstate her to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Yamashita], 176 AD3d 1382, 1383 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468—a [Serbinowksi], 164 AD3d 1049, 1051 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we conclude that respondent's application should be granted.
Lynch, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further 
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.