Matter of Attorneys in Violation of Judiciary Law § 468-a. (Sam-Kubam) (2020 NY Slip Op 03264)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Sam-Kubam)

2020 NY Slip Op 03264

Decided on June 11, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2020

PM-80-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; John Akumbom Sam-Kubam, Respondent. (Attorney Registration No. 4276192.)

Calendar Date: May 26, 2020
Before: Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
John Akumbom Sam-Kubam, London, United Kingdom, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2004 and currently lists a business address in London, United Kingdom. He was suspended from the practice of law by a 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements beginning with the 2006-2007 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1050 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now applies for his reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. Petitioner has opposed respondent's application owing, in part, to concerns over respondent's statements regarding the nature of his employment during the period of suspension.[FN1] In response, respondent has submitted correspondence and additional documents seeking to address petitioner's concerns.
Initially, we find that respondent has satisfied the threshold documentary requirements for an attorney seeking reinstatement from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]). Specifically, respondent has appropriately submitted a duly-sworn affidavit in the form provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Further, Office of Court Administration records demonstrate that respondent is now current in his registration requirements and has cured his longstanding delinquency. Finally, respondent provides proof that he successfully completed the Multistate Professional Responsibility Examination in November 2019, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b) (compare Matter of Attorneys in Violation of Judiciary Law §468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Further, we have determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1566 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Based on our review of respondent's application and supplemental materials, we are satisfied that the nature of his employment during his period of suspension did not require him to practice law or utilize his New York law license (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Wang], ___ AD3d ___, ___, 2020 NY Slip Op 03058, *1 [2020]). Having considered the foregoing, together with respondent's attestations that he did not practice law or derive any income from the practice of law during his suspension, we find that respondent has clearly and convincingly established his compliance with our disciplinary order and Rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Maurits], 169 AD3d 1153, 1154 [2019]). Finally, we also find that respondent's application sufficiently demonstrates that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193-1194 [2019]). Accordingly, we grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection advises that there are no open claims pertaining to respondent and that it therefore defers to the Court's discretion as to respondent's reinstatement.