Matter of Attorneys in Violation of Judiciary Law § 468-a. (Summons) (2020 NY Slip Op 04807)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Summons)

2020 NY Slip Op 04807

Decided on August 27, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 27, 2020

PM-110-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Sarah Frances Summons, Respondent. (Attorney Registration No. 2377679.)

Calendar Date: August 7, 2020
Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Reynolds Fitzgerald, JJ. 


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Sarah Frances Summons, Stamford, Connecticut, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1984. She is also admitted in Connecticut, where she currently maintains her own law firm, as well as before the Supreme Court of the United States. Respondent was suspended from the practice of law by September 2009 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 1990 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1478 [2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Office of Court Administration records demonstrate that respondent cured her registration delinquency in January 2020 and she now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner opposes her reinstatement based upon certain deficiencies in her application.[FN1]
"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020] [citations omitted]). In support of her application, and given the length of her suspension, respondent has properly submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). She also appropriately provides proof of her passage of the Multistate Professional Responsibility Exam in March 2020 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]).
Petitioner raises concerns regarding respondent's compliance with the order of suspension and the rules of conduct applicable to suspended attorneys. As to a notation on her law firm's website indicating that she is admitted to practice law in this state, respondent has since deleted this statement. Further, although she failed to timely file an affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), we find that her submissions, including her statements in her appendix C affidavit, have cured this defect. In this regard, respondent provides assurances in her affidavit that she has complied with the order of suspension and the relevant rules applicable to suspended attorneys in all respects; namely, she affirms that she has never practiced in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Viewing respondent's submissions as a whole, we find that she has established by clear and convincing evidence that she has complied with the order of suspension and rules applicable to suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
As to her character and fitness, respondent attests to having no criminal history or any disciplinary history, other than the underlying suspension, in this or any other jurisdiction, and there is no indication in the record of any governmental investigations, financial circumstances or medical or substance abuse history that would negatively impact her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 23-25, 30-32). Respondent also provides proof that she is in good standing in her home jurisdiction of Connecticut, as well as with the Supreme Court of the United States. Based upon the record as a whole, we find that respondent has the requisite character and fitness for reinstatement to the practice of law in this state and that the public will inure no detriment from her reinstatement. Accordingly, as respondent has satisfied the three-part test applicable to attorneys seeking reinstatement from disciplinary suspension, we grant her motion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d at 1768-1769).
Egan Jr., J.P., Clark, Mulvey, Aarons and Reynolds Fitzgerald, JJ.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has advised that there are no open claims against respondent and that it defers to this Court's discretion on her application.