Matter of Attorneys in Violation of Judiciary Law § 468-a. (Pezzullo) (2020 NY Slip Op 05126)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Pezzullo)

2020 NY Slip Op 05126

Decided on September 24, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2020

PM-124-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Nikole Agnes Pezzullo, Respondent. (Attorney Registration No.2744308.)

Calendar Date: September 22, 2020
Before: Egan Jr., J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ. 


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Nikole Agnes Pezzullo, Manalapan, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1996 and is also admitted in New Jersey, where she is a solo practitioner. She was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1747 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent cured her registration delinquency in February 2020 and now applies for reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion, alleging certain deficiencies in respondent's application and raising concerns regarding her compliance with the order of suspension. In reply, respondent submits additional explanation and documentation to address AGC's concerns.[FN1]
"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]). Given the length of her suspension for a period greater than six months, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]), as well as proof of her passage of the Multistate Professional Responsibility Exam in March 2020 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). As part of her application, respondent also attaches this Court's May 2019 order of suspension, as well as required good standing certificates from New Jersey and the United States District Courts of New Jersey and of the Eastern District of New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 13). Further, Office of Court Administration records demonstrate that respondent is now current in her registration requirements and she has cured the delinquency that led to her suspension.
AGC raises concerns regarding respondent's compliance with the order of suspension as it relates to the prohibition of her practice of law in this state. Respondent attests that she has not engaged in the practice of law in this state since her suspension and has instead continued to operate her solo law practice in New Jersey. She further asserts that she does not advertise her legal services in New York or otherwise indicate her ability to practice in this state on any marketing materials, contact information or social media platforms. She does admit, however, the existence of her law firm's "outdated" website, which she avers she had previously attempted to remove. Notwithstanding her assurances in this regard, the record reflects that the law firm's website was still publicly available during the relevant time period and indicated respondent's ability to practice in this state and encouraged those interested to contact her for legal services. In reply to AGC's concerns, respondent affirms that she has again contacted the website operator to have the website removed from all platforms. We note, based upon publicly available information, that it appears that the website is no longer publicly accessible. Respondent's tax returns, which she ultimately provided with her reply correspondence, do not reflect any income derived from this state during the relevant time period. Based upon respondent's foregoing statements and submissions, we find no indication that respondent engaged in the practice of law in this state following her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d 1225, 1227 [2020]; compare Matter of Barry, 176 AD3d 1474, 1475-1476 [2019]).
As to respondent's admitted failure to file the required affidavit of compliance following her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), her appendix C affidavit submitted in support of her application for reinstatement has cured this defect. Therein, she avers that she has complied with the order of suspension in all respects and has not engaged in the practice of law in this state, advertised for or accepted legal work in this state since her suspension or had any client money or property to distribute at the time of her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d at 1227; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). In view of the foregoing, we find that respondent has demonstrated, by clear and convincing evidence, her compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
As to her character and fitness, respondent's application presents no notable concerns, as she attests to having no criminal or disciplinary history, other than the instant suspension, in this or any other jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30). Further, there is no indication in the record of any governmental investigations, financial circumstances or medical or substance abuse history that would negatively impact her return to the practice of law in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 23-25, 31-32). Regarding her failure to properly register for several biennial periods, respondent accepts responsibility for her failure and affirms her intent to comply with her registration obligations should she be reinstated. She also submits proof of her completion of 34 continuing legal education credits in 2020, five of which are ethics related. In view of her submissions, and as respondent's misconduct underlying her suspension "does not raise any concerns regarding a possible harm to the public," we find that respondent's reinstatement to the practice of law would be in the public's interest and that no detriment would arise therefrom (Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]).
Egan Jr., J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has advised that there are no open claims against respondent.